**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

KENNETH BERRY,

                 Plaintiff,

vs.

                                         CIV No. 13-126 LH/GBW

EMERALD CORRECTIONAL MANAGEMENT, INC.,

                 Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**

      **THIS MATTER** comes before the Court on Plaintiff's Objection to Removal and Motion to Remand (Doc. 9), filed February 26, 2013, and on Defendant Emerald Correctional Management, Inc.'s Opposed Motion to Dismiss and Memorandum in Support (Doc. 5), filed February 12, 2013.  The Court, having considered the motions, the briefs of the parties, and the applicable law, concludes that the motion to remand is **not well-taken** and will be **denied** and that the motion to dismiss is **well-taken in part** and will be **granted in part** with respect to Plaintiff's federal claims.  Under 28 U.S.C. § 1367(c), the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.  However, the Court will retain jurisdiction over this matter pending its decision on Defendant Correctional Management, Inc.'s Motion for Sanctions Pursuant to 28 U.S.C.A. § 1927 (Doc. 21), filed April 9, 2013.   Following such a determination, the Court will enter an order remanding this matter to the Twelfth Judicial District Court.

**I.  INTRODUCTION AND BACKGROUND**

Plaintiff brings "constitutional and state tort" claims against Defendant for injuries that he received while incarcerated at Lincoln County Detention Center ("LCDC"). (Doc. 1, Ex. 1.) Plaintiff alleges that as a result of inadequate staffing and training at LCDC, he "was attacked by one or more assailants who were detainees; hit in the face with a blackjack type unauthorized weapon and suffered serious medical injuries, medical costs and pain and suffering." (Doc. 1, Ex. 1, ¶¶ 13, 14.)

Defendant notes that the claims raised by Plaintiff in the present matter are the same claims that he previously raised in a lawsuit that he filed against Defendant in federal court on May 29, 2012. *See Berry v. Emerald Correctional Management, Inc.*, 12cv576 GBW/SMV (D.N.M.) ("previous federal lawsuit"). In Plaintiff's previous federal lawsuit, like here, Plaintiff brought constitutional and state tort claims against Defendant based on its alleged inadequate staff and training, which he claims resulted in him being "hit in the face" and suffering serious medical injuries, medical costs, and pain and suffering. *Berry*, 12cv576 (Doc. 11) GBW/SMV (D.N.M.) There, Plaintiff explicitly asserted a claim for the violation of his procedural and substantive due process rights under the Fourteenth Amendment as well as a claim under the New Mexico Tort Claims Act. *Id.*

In the previous federal lawsuit, the Honorable Gregory B. Wormuth dismissed without prejudice Plaintiff's federal claim against Defendant for failure to state a claim and declined to exercise supplemental jurisdiction over Plaintiff's state law claims, dismissing those without prejudice as well. *See Berry*, 12cv576 GBW/SMV (Doc. 25) (D.N.M. Oct. 16, 2012). Judge Wormuth reasoned that Plaintiff failed to state a claim against Defendant under 42 U.S.C. § 1983 because he did not make a plausible allegation

that some policy or custom of Defendant was the moving force behind a constitutional violation.  *Id*. at 7. According to Judge Wormuth, Plaintiff failed to make factual allegations to meet either the "deliberate indifference" or "causation" requirements under § 1983. *Id*. at 8.

Because Judge Wormuth dismissed Plaintiff's claims *without prejudice*, Plaintiff would have been permitted to re-assert his federal claims if, within the confines of Rule 11 and the applicable statute of limitations, he could state a claim for relief that was plausible on its face.  Instead, on December 11, 2012, Plaintiff filed what was factually-speaking the same complaint in the Twelfth Judicial District, County of Lincoln, State of New Mexico, redacting a few references to federal constitutional and statutory provisions but retaining others.  *Compare Berry*, 12cv576 GBW/SMV (Doc. 11) *with Berry*, 13cv126 LH/GBW (Doc. 1, Ex. 1) (omitting reference to the Fourteenth Amendment procedural and substantive due process clauses and § 1988).   Thereafter, Defendant removed the matter to this Court on February 6, 2013.  (Doc. 1.)

### A.  Motion to Remand

Plaintiff contends that the Court's consideration of Defendant's motion to dismiss is premature, as the Court must first determine whether it has jurisdiction over the matter. In his motion to remand, Plaintiff maintains that his Complaint does not assert a claim under federal law.  Defendant disagrees, as does the Court.

An action is removable from state to federal court when the federal court has "original jurisdiction" over the action because it is "founded on a claim or right arising" under federal law.  28 U.S.C. § 1444(b).  In *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987), the United State Supreme Court set forth the general principles for determining

3

whether a complaint states a claim arising under federal law:

> The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint . . . The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

*Id*. at 392.

In his motion to remand, Plaintiff indicates that after his previous federal lawsuit was dismissed by Judge Wormuth, he removed the references to federal statutes before re-filing it in state court. Plaintiff maintains that his re-worked complaint does not state a federal question and that the matter should therefore be remanded. Yet, while Plaintiff may have removed certain references to federal statutes, his Complaint is replete with language suggesting that he is asserting a claim under federal law, including the following: 1) asserting that "[t]his case presents a federal question"; 2) entitling his single legal claim "Count I – Constitutional Violation"; and 3) in his prayer for relief, alleging that Defendant is liable for "constitutional and state tort violations." (Doc. 1, Ex. 1.)

There is little question that Plaintiff's Complaint, on its face, presents a federal question. Plaintiff's motion to remand is therefore denied.

### B. Motion to Dismiss

Defendant argues that the doctrine of collateral estoppel precludes Plaintiff from re-litigating issues that were already decided by Judge Wormuth in his previous federal lawsuit. The doctrine of collateral estoppel, sometimes referred to as "issue preclusion" acts to prevent parties from relitigating issues that have already been decided by a court

of competent jurisdiction in a different proceeding. *Sil Flo, Inc. v. SFHC, Inc*., 917 F.2d

1507, 1520 n.3 (10th Cir. 1990). Collateral estoppel bars relitigation of a specific issue

when the following conditions are met:

> (1) The issue precluded is identical to an issue actually litigated and necessarily adjudicated in prior proceeding; (2) The party against whom estoppel was sought was a party to or was in privity with a party to the prior proceeding; (3) There was a final judgment on the merits in the prior proceeding; (4) The party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding.

*Nichols v. Bd. of County Comm'rs*, 506 F.3d 962, 967 (10th Cir. 2007).

Here, the Court does not agree with Defendant that collateral estoppel precludes

Plaintiff from asserting federal claim(s) here. While the same parties and legal issues are

present as in the previous federal lawsuit, it is significant that Judge Wormuth dismissed

Plaintiff's federal claims "without prejudice." *See Berry*, 12cv576 (Doc. 25), at 10

(D.N.M. Oct. 16, 2012). "A dismissal without prejudice 'is a dismissal that does not

'operat[e] as an adjudication upon the merits." *Satsky v. Paramount Comm., Inc*., 7 F.3d

1464, 1467 (10th Cir. 1993). Therefore a judgment dismissing a claim "without

prejudice" is not conclusive as to that claim and does not constitute collateral estoppel.

*Cf. Satsky*, 7 F.3d at 1467 (concluding that a previous dismissal without prejudice was

not on the merits and therefore did not have a res judicata effect); *see also Union

Telephone Co. v. Qwest Corp*., 495 F.3d 1187, 1195 (10th Cir. 2007) (concluding that

collateral estoppel applied because nothing in the prior decision by the Public Services

Commission indicated that the claims were dismissed "without prejudice").

Nevertheless, because Plaintiff did not substantially amend the allegations in

support of his federal claims from those alleged in his previous federal lawsuit, the Court

adopts Judge Wormuth's reasoning and likewise concludes that Plaintiff has failed to state a claim under federal law.  Moreover, given Plaintiff's position for purposes of his motion to remand, (*see* Doc. 9, at 2), any federal claims have necessarily been withdrawn by Plaintiff.  The Court will now dismiss with prejudice Plaintiff's federal claims against Defendant.

Plaintiff asserts in his motion to remand that he has asserted a state law cause of action under the New Mexico Tort Claims Act.  Although the contours of his state law claim are not precise, he does at least reference the New Mexico Tort Claims Act, alleging that he has satisfied the Act's notice provision. (*See* Doc. 1, Ex. 1, at ¶ 15.) Without the benefit of briefing from both parties on Plaintiff's state law claims, the Court will decline to exercise supplemental jurisdiction over these claims.  *See* 28 U.S.C. § 1367(c)(3).  As a result, the Court will remand Plaintiff's state law claims to the Twelfth Judicial District Court following this Court's determination of Defendant's pending Motion for Sanctions.

## IV. CONCLUSION

**WHEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Objection to Removal and Motion to Remand (Doc. 9), filed February 26, 2013, is not **well-taken** and will be **denied** and that Defendant Emerald Correctional Management, Inc.'s Opposed Motion to Dismiss and Memorandum in Support (Doc. 5), filed February 12, 2013, is **well-taken in part** and will be **granted in part** with respect to Plaintiff's federal claims. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and will therefore remand them to state court.  However, the Court will currently retain jurisdiction over this matter pending its decision on Defendant Correctional Management,

Inc.'s Motion for Sanctions Pursuant to 28 U.S.C.A. § 1927 (Doc. 21), filed April 9, 2013.

Following such a determination, the Court will enter an order remanding Plaintiff's state law

claim to the Twelfth Judicial District Court.

**IT IS SO ORDERED.**

_____

SENIOR UNITED STATES DISTRICT JUDGE