IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

KENNETH BERRY,

       Plaintiff,

vs.

                                       CIV No. 13-126 LH/GBW

EMERALD CORRECTIONAL MANAGEMENT, INC.,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Emerald Correctional Management, Inc.'s (Defendant's) Motion for Sanctions (Doc. 14), filed March 11, 2013. The Court, having considered the motion, the briefs of the parties, and the applicable law, concludes that the motion is **well-taken** and will be **granted** and that sanctions will be imposed upon Plaintiff's counsel, Mr. J. Robert Beauvais, under 28 U.S.C. § 1927.

**I.  INTRODUCTION AND BACKGROUND**

In this action, Plaintiff brought "constitutional and state tort" claims against Defendant for injuries that he received while incarcerated at Lincoln County Detention Center ("LCDC"). (Doc. 1, Ex. 1.)  Plaintiff alleged in his Complaint that as a result of inadequate staffing and training at LCDC, he "was attacked by one or more assailants who were detainees; hit in the face with a blackjack type unauthorized weapon and suffered serious medical injuries, medical costs and pain and suffering."  (*Id*. at ¶ ¶ 13, 14.)

Notably, the claims raised by Plaintiff in the present matter are the same claims that he

previously raised in a lawsuit that he filed against Defendant in federal court on May 29, 2012. *See Berry v. Emerald Correctional Management, Inc.*, 12cv576 GBW/SMV (D.N.M.) ("previous federal lawsuit"). In Plaintiff's previous federal lawsuit, like here, Plaintiff brought constitutional and state tort claims against Defendant based upon its alleged inadequate staff and training, which he claims resulted in him being "hit in the face" and suffering serious medical injuries, medical costs, and pain and suffering. *Berry*, 12cv576 (Doc. 11) GBW/SMV (D.N.M.). The Honorable Gregory B. Wormuth dismissed without prejudice Plaintiff's federal claims against Defendant for failure to state a claim and declined to exercise supplemental jurisdiction over Plaintiff's state law claims, dismissing those without prejudice as well. *See Berry*, 12cv576 GBW/SMV (Doc. 25) (D.N.M. Oct. 16, 2012). Judge Wormuth reasoned that Plaintiff failed to state a claim against Defendant under 42 U.S.C. § 1983, because he did not make a plausible allegation that some policy or custom of Defendant was the moving force behind a constitutional violation. *Id*. at 7. According to Judge Wormuth, Plaintiff failed to make factual allegations to meet either the "deliberate indifference" or "causation" requirements under § 1983. *Id*. at 8.

Because Judge Wormuth dismissed Plaintiff's claims *without prejudice*, Plaintiff would have been permitted to re-assert his federal claims if, within the confines of Rule 11 and the applicable statute of limitations, he could state a claim for relief that was plausible on its face. Instead, on December 11, 2012, Plaintiff filed what was factually-speaking the same complaint in the Twelfth Judicial District, County of Lincoln, State of New Mexico, redacting a few references to federal constitutional and statutory provisions but retaining others. *Compare Berry*, 12cv576 GBW/SMV (Doc. 11) *with Berry*, 13cv126 LH/GBW (Doc. 1, Ex. 1) (omitting reference to the Fourteenth Amendment procedural and substantive due process clauses and § 1988). Thereafter, Defendant removed the matter to this Court on February 6, 2013, (Doc. 1),

and filed its Motion to Dismiss on February 12, 2013 (Doc. 5).  Plaintiff filed his Objection to Removal and Motion to Remand ("Motion to Remand") on February 26, 2013.  (Doc. 9.)

In his Motion to Remand, Plaintiff asserted that he had removed references to federal statutes before re-filing his case in state court.  While Plaintiff maintained that his re-worked complaint did not state a federal question, the Court found that the Complaint was replete with language suggesting that he was asserting a claim under federal law, including the following:  1) asserting that "[t]his case presents a federal question"; 2) entitling his single legal claim "Count I – Constitutional Violation"; and 3) in his prayer for relief, alleging that Defendant was liable for "constitutional and state tort violations."  (Doc. 1, Ex. 1.)  Determining that Plaintiff's Complaint presented a federal question on its face, the Court denied Plaintiff's Motion to Remand.  (Doc. 25.)

In its Motion to Dismiss, Defendant argued that the doctrine of collateral estoppel precluded Plaintiff from re-litigating issues that had already been decided by Judge Wormuth in his previous federal lawsuit.  The Court found, however, that because Judge Wormuth dismissed Plaintiff's federal claims "without prejudice," the dismissal was not consclusive as to the federal claims and did not constitute collateral estoppel. (Doc. 25, at 5.)  Nevertheless, because Plaintiff did not substantially amend the allegations in support of his federal claims from those alleged in his previous federal lawsuit, the Court adopted Judge Wormuth's reasoning and concluded that Plaintiff has failed to state a claim under federal law.  (*Id*. at 5-6.)  Moreover, given Plaintiff's position for purposes of his motion to remand, (*see* Doc. 9, at 2), the Court found that any federal claims were necessarily withdrawn by Plaintiff. (Doc. 26, at 6.)  Accordingly, the Court dismissed with prejudice Plaintiff's federal claims against Defendant.  (*Id*. at 6.)

Finally, with respect to Plaintiff's state law claims, the Court declined to exercise

supplemental jurisdiction, remanding those claims to the Twelfth Judicial District Court following its determination of the instant Motion for Sanctions.  (*Id.*)

## II.  LEGAL STANDARD

28 U.S.C. § 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." § 1927 Sanctions are appropriate when an attorney acts recklessly or with indifference to the law; is cavalier or bent on misleading the court; intentionally acts without a plausible basis; or when the entire course of the proceedings is unwarranted.  *Steinert v. Winn Group, Inc*., 440 F.3d 1214, 1221 (10th Cir. 2006).  An attorney's actions are measured under the standard of objective bad faith.  *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987).

The Court also has authority under its own inherent power to deter frivolous and abusive litigation and to promote justice and judicial efficiency by imposing monetary sanctions.  *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-67 (1980); *Braley*, 832 F.2d at 1510 n.4; *Link v. Wabash R. Co*., 370 U.S. 626, 632 (1962) (recognizing the well-acknowledge inherent power of a court to levy sanctions in response to abusive litigation practices).

## III. ANALYSIS

Defendant seeks sanctions against Plaintiff's counsel, Mr. Beauvais, arguing that Plaintiff's filing of his Motion to Remand and his Reply to Defendant's Response were manifest violations of 28 U.S.A. § 1927. (Doc. 21, at ¶ 4.)  In response, Plaintiffs' counsel argues that Plaintiff had independent state grounds, under the New Mexico Tort Claims Act, to bring the present action in state court. (Doc. 22, at 1.)  According to Plaintiff, under New Mexico law detention officers fall under the law enforcement waiver of immunity codified as N.M. Stat Ann

4

§ 41-4-12, and the Court "improvidently relied on incorrect case law to determine Plaintiff did not have good grounds to file a state action and Plaintiff did not have an opportunity to raise equitable tolling as to any limitations problem." (*Id*. at ¶¶ 8, C.) Plaintiff's counsel asks the Court to find that Plaintiff had good grounds under state law to file his action in state court and to deny sanctions.[1] (*Id*.)

The response of Plaintiff's counsel – devoted primarily to why he believes that he had a good-faith basis for filing Plaintiff's state claims in state district court – is unconvincing and confusing.[2] Defendant is not seeking sanctions based upon Plaintiff's filing of *state law* claims in state court; after all, Judge Wormuth declined to exercise supplemental jurisdiction over those claims and dismissed them *without prejudice*, making it possible for Plaintiff to re-file such claims in state court. Defendant's position, instead, is that Plaintiff's counsel "brazenly ignored the previous Order entered in Federal Court and asserted a myriad of *federal* claims, all of which were previously ruled on and dismissed." (Doc. 23, at 2) (emphasis added). Although Plaintiff's federal claims, like his state claims, were dismissed *without prejudice* in the previous federal lawsuit, the complaints filed in the former lawsuit and the present lawsuit allege the same federal claims based upon identical facts, which Judge Wormuth has already determined did not state a cause of action.

More importantly, under an objective standard, no reasonable person could have believed

---

[1] Although Plaintiff analyses the instant Motion for Sanctions under Rule 11, it is clear from Defendant's Motion for Sanctions that Defendant seeks sanctions pursuant to 28 U.S.C. § 1927, rather than under Rule 11.

[2] Contrary to Plaintiff's argument in his response brief, this Court has not made any determination that Plaintiff lacked good grounds to raise his state claims. Rather, the Court, both in the previous federal lawsuit, as well as in the instant matter, has declined to exercise supplemental jurisdiction over Plaintiff's state law claims. It appears, as Defendant suggests, that Plaintiff's counsel may be confusing the present matter with another matter recently before this District. In *Ramos v. Emerald Correctional Management, LLC*, 13cv0129 WJ/CG, The Honorable William Johnson ruled that the plaintiff's federal and state law claims should be dismissed with prejudice. *Id*.

that there existed a good faith basis to assert, as Plaintiff's counsel has, that Plaintiff's Complaint did not raise a federal question on its face. Again, Plaintiff explicitly asserted therein that "[t]his case presents a federal question." (Doc. 1, Ex. 1.) The arguments of Plaintiff's counsel in his Motion to Remand and Reply brief are frivolous and unpersuasive. Moreover, Plaintiff's counsel has altogether ignored or overlooked the entire basis of Defendant's Motion for Sanctions – that is, that Plaintiff's counsel multiplied the proceeding here by maintaining that Plaintiff had not alleged federal claims in his Complaint.

Notably, this is not a case where Plaintiff's counsel inadvertently failed to redact an assertion of federal jurisdiction from his former complaint and thereafter alerted the Court of the clerical mistake. Although Plaintiff's Complaint retains numerous references to federal claims, Plaintiff's counsel has not moved to amend or even offered called-for concessions during the course of briefing on Plaintiff's Motion to Remand or Defendant's Motion to Dismiss. Insetad, Plaintiff's counsel, with recklessness or indifference to the law, has caused Defendant to file a response to his frivolous Motion to Remand and to seek dismissal of the same claims already dismissed by this District in the previous federal lawsuit. The Court has little difficulty finding that the behavior of Plaintiff's counsel in multiplying the proceedings in this manner is sanctionable.

## IV. CONCLUSION

For all of these reasons, the court finds that sanctions against Plaintiff's counsel under §1927 are warranted in the form of attorney's fees and costs associated with Defendant's Motion to Dismiss (Doc. 5), Defendant's Reply to Motion to Dismiss (Doc. 12), Defendant's Response to Plaintiff's Motion to Remand (Doc. 11), Defendant's Motion for Sanctions (Doc. 21), and Defendants Reply to Motion for Sanctions (Doc. 23). Accordingly, Defendant shall file an

application for attorney's fees and costs associated with these pleadings, including supporting affidavits and documentation, on or before **September 23, 2013**.  Plaintiff's objections to the reasonableness of Defendant's requests must be filed within **fourteen (14) days** thereafter.

    **IT IS THEREFORE ORDERED** that Defendant's Motion for Sanctions Pursuant to 28 U.S.C. § 1927 (Doc. 14) is hereby **GRANTED** for the reasons described in this Memorandum Opinion and Order.

    **IT IS FURTHER ORDERED** that the amount of sanctions will be determined by the Court following submission of the required documentation by Defendants and after consideration of any timely-filed objections by Plaintiff.

    **IT IS SO ORDERED.**

_____
SENIOR UNITED STATES DISTRICT JUDGE