IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

KENNETH BERRY,

    Plaintiff,

v.                                                  No. Civ. 13-00126 LH/GBW

EMERALD CORRECTIONAL MANAGEMENT, INC.,

    Defendant,

**MEMORANDUM OPINION AND ORDER**

On September 20, 2013, pursuant to this Court's Memorandum Opinion and Order (ECF No. 26) granting Defendant Emerald Correctional Management, Inc.'s motion for sanctions, Defendant filed an "Application in Support of Court-Awarded Attorney's Fees Regarding Defendant Emerald's Motion for Sanctions pursuant to FRCP Section 1927" (ECF No. 27). The Court, having considered the application, briefs, evidence, applicable law, and otherwise being fully advised, concludes that Defendant's Application should be granted and Defendant should be awarded attorney's fees in the total requested amount of $1,921.42.

**I.    BACKGROUND**

On June 17, 2013, this Court entered a Memorandum Opinion and Order granting Defendant's motion to dismiss as to Plaintiff's federal claims, but declining to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* Mem. Op. and Order 4-7, ECF No. 25. The Court retained jurisdiction over Defendant's motion for sanctions. *Id.* at 6-7.

On August 30, 2013, the Court granted Defendant's motion for sanctions against Plaintiff's counsel, Mr. J. Robert Beauvais, under 28 U.S.C. § 1927. Mem. Op. and Order 1, ECF No. 26. This Court found that no reasonable person could have believed a good faith basis

existed to assert the argument set forth by Plaintiff: that the complaint, which explicitly asserted that "[t]his case presents a federal question," did not raise a federal question on its face. *Id.* at 5-6. The Court concluded that Plaintiff's counsel unreasonably multiplied the proceedings in this matter and that such conduct warranted sanctions. *Id.* at 6. The Court awarded sanctions "in the form of attorney's fees and costs associated with Defendant's Motion to Dismiss (Doc. 5), Defendant's Reply to Motion to Dismiss (Doc. 12), Defendant's Response to Plaintiff's Motion to Remand (Doc. 11), Defendant's Motion for Sanctions (Doc. 21), and Defendant[']s Reply to Motion for Sanctions (Doc. 23)." *Id.*

In accordance with this Court's August 30, 2013 Memorandum Opinion and Order, Defendant filed its application for attorney's fees, including supporting affidavits. Def.'s Appl., ECF No. 27. Defense counsel avers that he spent 9.05 hours of time researching, drafting, reviewing, and filing the requisite motions and briefs, plus 0.60 hours of paralegal time. *Id.* at 2. Defense counsel requests an hourly rate of $175.00, a paralegal hourly rate of $40.00, and gross receipts tax. *Id.* & Ex. A ¶ 3, ECF No. 27-1. The total amount Defendant requested in its application for attorney's fees is $1,746.42. Def.'s Appl. 3, ECF No. 27.

Plaintiff objects to Defendant's application on the grounds that defense counsel is billing for work that was already compensated in the similar case, *Ramos v. Emerald Correctional Management et al.*, No. Civ. 13-00129-WJ-CG, wherein the Honorable William P. Johnson awarded attorney's fees and costs to Defendant against J. Robert Beauvais for similar conduct in that case. *See* Pl.'s Objection 1, ECF No. 28. Plaintiff contends that this Court should only award fees for the work spent on the application for attorney's fees, as the remaining work was duplicative of work expended in the *Ramos* case. *See id.* at 2.

In its reply, Defendant argues that, while the issues in the two cases were similar, the

pleadings were not identical and counsel could not simply "cut and paste" the full contents of the briefs in *Ramos* and submit them here. Def.'s Reply 1, ECF No. 29. Defendant acknowledges that this case took less attorney time than in *Ramos*, as reflected by the lower amount of fees sought in this case than in *Ramos*, where Judge Johnson awarded $2,242.02 in fees. *See id.* at 2. Defendant also requests an additional $175.00 for one hour's work in drafting and filing its reply. *Id.* at 3.

## II.   ANALYSIS

This Court awarded sanctions under 28 U.S.C. § 1927, which provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees *reasonably incurred because of such conduct*." 28 U.S.C. § 1927 (emphases added). A court will generally determine what fee is reasonable by multiplying the total number of hours reasonably expended on the litigation by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). A court should exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. *Id.* at 434.

This Court has reviewed the evidence in support of the application for attorney's fees and concludes that the total amount of fees sought is reasonable. As an initial matter, the hourly rate sought is reasonable and reflects the local legal market and defense counsel's level of expertise. The 9.05 hours spent preparing and drafting six different briefs is also reasonable. Although the issues in *Ramos* were similar, defense counsel expended fewer hours in this case and the briefs filed in this case were not, and could not be, identical to those in *Ramos*. Because the facts and procedural history of the two cases differed, the briefs in this case required additional time to prepare and file. The Court will therefore award the full amount requested by defense counsel:

$1,921.42 ($1,746.42 + $175.00 for the reply in support of the application).

**IT IS THEREFORE ORDERED** that Defendant's Application in Support of Court-Awarded Attorney's Fees Regarding Defendant Emerald's Motion for Sanctions pursuant to FRCP Section 1927 (**ECF No. 27**) is **GRANTED** and Plaintiff's counsel, J. Robert Beauvais, must pay Defendant **$1,921.42** in attorney's fees.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**